# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18-CR-152 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RAHEEM SATTERTHWAITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Raheem Satterthwaite ("Satterthwaite") filed this *pro se* motion seeking a correction to the calculation of his federal sentence. (Doc. No. 27 ["Mot."].) Specifically, he requests that his federal sentence run concurrently with his state sentence. Plaintiff United States of America (the "government") opposes the motion. For the reasons to follow, the motion is DENIED.

On April 2, 2018, Satterthwaite was arraigned on federal charges of being a felon in possession of firearms and/or ammunition. Because Satterthwaite was already in state custody on unrelated charges, the Magistrate Judge issued a writ so that Satterthwaite could be brought to federal court for the arraignment. Satterthwaite subsequently pled guilty to two counts of the federal indictment. On October 23, 2018, this Court sentenced Satterthwaite to a term of imprisonment of 54 months. (Doc. No. 25 (Judgment).) According to his motion, Satterthwaite was sentenced two days later (on October 25, 2018) in the Mahoning County Court of Common Pleas. Satterthwaite remains in state custody, and the state authorities retain primary jurisdiction

over Satterthwaite because his arrest on state charges predated his arrest on federal charges. (Doc. No. 23 (Presentence Investigation Report) at 116.) *See United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017).

Insofar as Satterthwaite now seeks to challenge the calculation or structure of his federal sentence to have it run concurrently with his state court sentence, the challenge is premature. A federal sentence does not begin until a prisoner is actually in the custody of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *White*, 874 F.3d at 507 ("[F]ederal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

"[A]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence[.]" *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007). The BOP cannot perform a sentence computation until the prisoner is actually in the BOP's custody and his sentence has commenced. Once a prisoner is delivered to federal custody, the BOP may calculate a sentence and determine whether the prisoner will receive credit for time served in a state institution. Satterthwaite does not dispute that he remains at this time in state custody and that the state has no responsibility for computing his federal sentence. *See* https://www.bop.gov/inmateloc/ (showing that Satterthwaite is not in BOP custody, last visited 7-11-2019).

Moreover, once Satterthwaite is transferred to BOP custody and the BOP performs a sentence computation, Satterthwaite must exhaust his administrative remedies through the BOP

prior to filing an action in this Court to challenge any computations. *United States v. Westermoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). Thus, to the extent Satterthwaite challenges the BOP's computation of his sentence, the challenge is again subject to dismissal on the basis that it is premature.

    **IT IS SO ORDERED**.

Dated: August 6, 2019

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**