# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18-cr-152 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RAHEEM SATTERTHWAITE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the renewed motion of defendant Raheem Satterthwaite ("Satterthwaite") to modify his sentence. (Doc. No. 34.) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 35), and Satterthwaite has filed a reply. (Doc. No. 36.) For the reasons that follow, the renewed motion is DENIED.

## I. BACKGROUND

On April 11, 2018, Satterthwaite was arraigned on federal charges of being a felon in possession of firearms and/or ammunition. (Minutes of Proceedings, 4/11/2018; *see* Doc. No. 1 (Indictment).) Because Satterthwaite was already in state custody, the magistrate judge issued a writ so that Satterthwaite could be brought to federal court for the arraignment. Satterthwaite subsequently pled guilty to two counts of possession of a firearm by a convicted felon. On October 23, 2018, this Court sentenced Satterthwaite to a term of imprisonment of 54 months. (Doc. No. 25 (Federal Judgment Entry). The federal judgment was silent as to whether the sentence was to run concurrent to any subsequently imposed state sentence. (*Id*.) Following sentencing in federal court, Satterthwaite was returned to state custody.

On October 25, 2018, a judge of the Mahoning County Court of Common Pleas sentenced Satterthwaite to a term of imprisonment of 36 months following his conviction for failure to comply with an order or signal of a police officer, a violation of Ohio Rev. Code § 2921.331(B). (Doc. No. 34 (State Judgment Entry) at 3.) The state court judgment provided that "[t]his sentence shall run concurrent to the sentence imposed in *U.S. District Court Case No. 4:18-CR-00152-01*." (*Id*. (emphasis in original).)

While serving his sentence in state court, Satterthwaite filed a motion in this Court to modify his federal sentence to provide that it would run concurrently with his state sentence. (Doc. No. 27.) Because Satterthwaite was still in state custody, and had yet to exhaust his administrative remedies through the Bureau of Prisons ("BOP"), the Court denied his motion as premature. (Doc. No. 31.) Following the completion of his state sentence, Satterthwaite was returned to federal custody. He is currently serving his federal sentence at Cumberland FCI and has an anticipated release date of September 11, 2024. (https://www.bop.gov/inmateloc/, lasted visited July 14, 2022.)

In his renewed motion, Satterthwaite maintains, though he has failed to provide any documentation in support, that the BOP has indicated that it will "seek the position of the Federal Sentencing Court" as it pertains to his federal sentence. (Doc. No. 34 at 1.) Citing *Boston v. Attorney Gen. of the United States*, 210 F. App'x 190, 194 (3d Cir. 2016), Satterthwaite argues that a state sentencing judge has the authority to direct that its sentence be served concurrently with a federal sentence. (*Id*.) He insists that, given the language in the state court judgment, the state court would be in agreement with him that his federal sentence should be modified to run concurrently with his now-discharged state sentence. (*Id*. at 2.) He draws attention to "extreme

2

rehabilitation" that he has undergone in prison to date, which includes the participation in programs designed to promote good decision-making and citizenship. (*Id.*)

## II. DISCUSSION

Title 18 U.S.C. § 3584(a) provides, in relevant part, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the Court did not specify that its sentence was to run concurrently with the then yet to be announced state sentence, the effect of the Court's judgment was that it was to be served consecutively with any state court sentence. Insofar as Satterthwaite is now asking the Court to amend its judgment to modify that federal sentence by ordering it to run concurrently with his discharged state sentence, the Court lacks jurisdiction to do so.

It is well settled that a district court does not have the inherent power to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (citations omitted). Rather, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure[.]" 18 U.S.C. § 3582(c)(1)(B). Rule 35 is inapplicable herein, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the Court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Moreover, Satterthwaite does not suggest that the Court's sentence was the result of any type of clear error.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36[.]" *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "a clerical error" or "an error in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, and not to cure "unexpressed sentencing expectations[.]" *Robinson*, 368 F.3d at 656–57 (quotation marks and citations omitted). Accordingly, there is no federal statute or rule that permits the Court to modify its sentence at this late date. *See United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (reversing district court's order amending its judgment specifying that its federal sentence was to run concurrently with a state sentence, as not permitted by Fed. R. Crim. P. 36).

Additionally, to the extent that Satterthwaite's motion can be interrupted as seeking credit toward his federal sentence for time spent in state custody, such a request is expressly prohibited by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

It is clear from the language of § 3585(b) that a federal defendant is not entitled to credit against his federal sentence for time spent in state custody serving a state sentence. *See United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) ("Congress has

made clear that a defendant could not receive a double credit for his detention time.") The Sixth Circuit has consistently held that if a prisoner has received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit toward his federal sentence for the same period of time. *See, e.g., Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2020); *Huffman v. Perez*, 230 F.3d 1358 (Table), 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000) (citations omitted); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Because Satterthwaite already received credit toward his state sentence for time spent in state custody, he may not receive additional credit toward his federal sentence.[1]

### III. CONCLUSION

This Court commends Satterthwaite for his rehabilitation efforts outlined in the motion. Those accomplishments, however, do not change the fact that the Court lacks jurisdiction to grant the requested relief. Accordingly, the reasons set forth above, Satterthwaite's motion is DENIED.

**IT IS SO ORDERED**.

Dated: July 15, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] In his motion, Satterthwaite underscores the fact that the state court intended that its sentence would run concurrently with his federal sentence. (Doc. No. 34 at 1–2.) Moreover, in his reply, he complains that he should have been returned to federal custody after he was sentenced on the state charge. (Doc. No. 36 at 2–3.) Neither contention merits the requested relief. "Courts have uniformly held that a defendant's federal sentence is not legally affected if a state chooses to incarcerate the defendant before the federal sentence has begun to run." *United States v. Custard*, 230 F.3d 1360 (Table), 2000 WL 1290338, at *1 (6th Cir. Sept. 5, 2000) (citing *Pinaud v. James*, 851 F.2d 27, 31 (2d Cir. 1988)). Further, "[d]etermination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, compel the federal government to grant a concurrent sentence." *Id.* (quotation marks and citation omitted).